**People, for use of Roy O. Durham et al., Appellee, v. George W. Buck, Appellant.**

**Gen. No. 5,121.**

1. APPEALS AND ERRORS—*appeal by guardian.* The right of a guardian to appeal from an order of removal is doubtful.

2. GUARDIAN AND WARD—*power of removal.* The court of probate has power to remove a guardian for failure to file an inventory of his ward's estate within the time fixed by statute.

3. GUARDIAN AND WARD—*power of removal.* The court of probate has power to remove a guardian who undertakes to sell and convey without authority real estate belonging to his ward.

4. GUARDIAN AND WARD—*power of removal.* The statute specifies certain causes which authorize the removal of a guardian but in addition to such specified causes the court of probate has a discretion which if reasonably exercised will be sustained upon review.

Petition for removal of guardian. Appeal from the Circuit Court of De Kalb county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed June 10, 1909.

J. B. STEPHENS, for appellant; A. G. BRIGGS, of counsel.

EARLE W. BROWN and GEORGE BROWN, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was a petition filed in the County Court of De-Kalb county, December 9, 1907, by Milton Durham, father of Roy O. Durham, Floyd C. Durham and Harold Durham, minor heirs of May Durham, deceased, for the removal of George W. Buck as guardian of said minors. The said Roy O. Durham requested that the prayer of the petition be granted. The petition alleged that George W. Buck, was, on April 26, 1907, appointed guardian of the minor heirs of May Durham, deceased; and that sixty days had elapsed and such guardian had not filed an inventory of the estate of said minors as required by the statute; and that

on November 2, 1907, said guardian executed and delivered a quit claim deed of said minors' interest in certain real estate therein described, to O. W. McCormick, and concluded with a prayer that such guardian be removed, and that D. S. Brown be appointed in his stead. Later, the petition was amended by adding that theretofore said D. S. Brown had been appointed guardian of the said Roy O. Durham by the Probate Court of Kane county. The court heard the cause and ordered the letters of guardianship issued to George W. Buck revoked, and that he be removed as such guardian. The guardian appealed to the Circuit Court of DeKalb county, where a jury was waived and a trial was had by the court, and an order was entered revoking the letters of guardianship, removing the guardian and directing him to account for and pay over to his successors the proceeds of the estate of said minors. From this order the guardian prosecutes this appeal.

There was no judgment for costs against said guardian and, as he had no vested right to the appointment, or to retain the office of guardian after appointment, it is difficult to see how he was injured by the order. His right to an appeal is doubtful, but, as appellee has joined in argument, without raising that question, we shall treat the appeal as properly taken. Neither the petition nor the proof presented a question of fact requiring the verdict of a jury; therefore the stipulation waiving a jury was unnecessary. Appellant confessed all the allegations of the petition and sought to avoid their effect by subsequently filing an inventory and obtaining a reconveyance to the minors of the real estate he had previously conveyed to McCormick.

Section 12, chapter 64, Hurd's R. S. 1905, provides that, "The guardian shall, within sixty days after his appointment, or if the court is not in session at the expiration of that time, at the next term thereafter, return to the court a true and perfect inventory of the real estate and personal estate of the ward." Section 37 of that chapter, among other things, provides that,

"The County Court may remove a guardian for his failure to give bond * * * or for failure to make inventory * * * or for failure to discharge any duty required of him by law or the order of the court, or for other good causes." Letters of guardianship were issued to appellant April 26, 1907. He was served with process on December 17, 1907, and filed his inventory December 18, 1907. The County Court of DeKalb county had a term for the transaction of probate and guardianship matters each calendar month. The sixty days allowed appellant in which to file an inventory and five terms of court had elapsed before the filing of this petition for removal. This delinquency or neglect by appellant of the requirements of section 37 justified the court in removing him. Moreover, the court had power to remove appellant for reasons designated by the statute, "or for other good causes."

It is urged that this proceeding was not brought in the interest of the minors, but that Brown might retain possession of the moneys held by him as guardian by appointment of the Kane County Probate Court. It is admitted by appellant that, without authority, he undertook to sell and convey real estate belonging to his wards, and executed and delivered a deed to the same. This deed, although it did not convey the interest of said minors, might cloud their title to the same. After the commencement of this proceeding he repurchased their interest in the real estate and caused a deed to be executed conveying it back to the minors, but up to the time of the hearing in the Circuit Court the deed had not been filed for record. It is thus apparent that appellant not only neglected his statutory duties, but exceeded his authority in dealing with the estate of his wards, and for this reason we deem the court justified in ordering his removal.

The proof showed that the guardian was unwilling to pay the father the sum directed by the court to be paid him for the support of the minors, but insisted that he take the money in trade in stores designated

by the guardian. While this does not come under the head of the causes specifically enumerated in the statute for the removal of a guardian, yet it is a circumstance that the court would be warranted in considering in exercising his discretion.

A guardianship matter is, to a considerable extent, within the sound discretion of the court administering the estate; and if, for reasons satisfactory to the court, though not designated in the statute, it deems that the interest of the estate will be best served by the removal of the guardian and the appointment of another, a court of review will very reluctantly interfere with its action in that particular.

Appellant argues that to affirm the holding of the lower court would bring disgrace upon an innocent man. A guardian has no vested right in the appointment. He is but the hand of the court in administering the estate, and the court may remove him whenever, in its sound discretion, the interest of the ward will be better served; and it matters not from what source the information comes upon which the court acts.

The judgment of the lower court is affirmed.

*Affirmed.*